1  JOHN P. REITMAN (State Bar No. 80579)
   jreitman@landaufirm.com
2  MONICA RIEDER (State Bar No. 263250)
   mrieder@landaufirm.com
3  JACK A. REITMAN (State Bar No. 283746)
   jareitman@landaufirm.com
4  LANDAU LAW LLP
   1880 Century Park East, Suite 1101
5  Los Angeles, California 90067
   Telephone: (310) 557-0050
6  Facsimile: (310) 557-0056

7  Proposed Special Litigation Attorneys
   for Amy L. Goldman, Chapter 7 Trustee
8

9              **UNITED STATES BANKRUPTCY COURT**
10
      **CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**
11

12 | In re | Case No. 1:17-bk-12980-MT |
13 | MAINSTREAM ADVERTISING, INC., a California Corporation, | |
14 | | Chapter 7 |
   | Debtor | Adv. No. 1:20-ap-01028-MT |
15

16 | AMY L. GOLDMAN, CHAPTER 7 TRUSTEE FOR MAINSTREAM ADVERTISING, INC., | **SUMMONS SERVICE EXECUTED RE SERVICE OF:** |
17
18 | | **1) COMPLAINT;** |
   | Plaintiff, | |
19 | | **2) SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004−1]; AND JUDGE MAUREEN TIGHE'S STATUS CONFERENCE INSTRUCTIONS;** |
20 | v. | |
21 | MICHAEL BERGER, an individual; and DOES 1-10, Inclusive, | |
22 | | |
23 | Defendants | **3) PLAINTIFF'S NOTICE OF REQUIRED COMPLIANCE WITH FRBP 7026 AND LBR 7026-1** |
24

**Status Conference Date and Time:**
25  Date:  May 6, 2020
    Time:  11:00 a.m.
26  Place: Courtroom 302
           21041 Burbank Blvd.
27           Woodland Hills, CA 91367

28

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Plaintiff Amy L. Goldman, Chapter 7 Trustee submits the Declaration of Vanessah

2  Richmond reflecting the Plaintiff's service of:

3    1.    Complaint for Turnover; Avoidance and Recovery of Postpetition Transfers; and

4  Breach of Fiduciary Duty; Exhibits;

5    2.    Summons and Notice of Status Conference; and Judge Maureen Tighe's Status

6  Conference Instructions;

7    3.    Notice of Required Compliance with Federal Rule of Bankruptcy Procedure 7026

8  and Local Bankruptcy Rule 7026-1; and

9

10  Dated:  March 9, 2020                    LANDAU LAW LLP

11

12                                          /s/ John P. Reitman
                                            JOHN P. REITMAN
13                                          Proposed Special Litigation Counsel for Amy L
                                            Goldman, Chapter 7 Trustee for Mainstream
14                                          Advertising

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Landau Law LLP
Attorneys at Law
Los Angeles, California

1

## DECLARATION OF VANESSAH RICHMOND

I, Vanessah Richmond, hereby declare as follows:

1.      I am over 18 years of age, and I am not a party to the above-captioned bankruptcy case or adversary proceeding.  My business address is Landau Law LLP ("Firm"), 1880 Century Park East, Suite 1101, Los Angeles, CA 90067.

2.      On March 9, 2020, as shown by the attached Proof of Service, I served the *Complaint for Turnover; Avoidance and Recovery of Postpetition Transfers; and Breach of Fiduciary Duty; Exhibits* [Docket No. 1]; the *Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004−1]; and Judge Maureen Tighe's Status Conference Instructions* issued by the Clerk of the Court [Docket No. 2]; and the *Plaintiff's Notice of Required Compliance with FRBP 7026 and LBR 7026-1* on the defendant listed on the attached Proof of Service.  I did so by placing true and correct copies of those documents in an envelope with first class postage thereon fully prepaid, addressed to the defendant at the address shown on the attached Proof of Service.  On the same day correspondence is placed for collection and mailing in that outgoing mail box, such correspondence is deposited in the ordinary course of business in a United States Postal Service mailbox by a Firm employee.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed this 9th day of March, 2020, at Los Angeles, California.

_____
Vanessah Richmond

EXHIBIT 1

1   JOHN P. REITMAN (State Bar No. 80579)
    jreitman@landaufirm.com
2   MONICA RIEDER (State Bar No. 263250)
    mrieder@landaufirm.com
3   JACK A. REITMAN (State Bar No. 283746)
    jareitman@landaufirm.com
4   LANDAU LAW LLP
    1880 Century Park East, Suite 1101
5   Los Angeles, California 90067
    Telephone: (310) 557-0050
6   Facsimile: (310) 557-0056

7   Proposed Special Litigation Attorneys
    for Amy L. Goldman, Chapter 7 Trustee
8

9              **UNITED STATES BANKRUPTCY COURT**

10   **CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

11

| 12   In re | Case No.: 1:17-bk-12980-MT |
| MAINSTREAM ADVERTISING, INC., a California Corporation, | Chapter 7 |
| Debtor. | |

| 16   AMY L. GOLDMAN, CHAPTER 7 TRUSTEE FOR MAINSTREAM ADVERTISING, INC., | Adv. No.: |
| Plaintiff, | **COMPLAINT FOR TURNOVER; AVOIDANCE AND RECOVERY OF POSTPETITION TRANSFERS; AND BREACH OF FIDUCIARY DUTY; EXHIBITS** |
| v. | |
| MICHAEL BERGER, an individual; and DOES 1-10, Inclusive, | |
| Defendants. | |

*LANDAU LAW LLP*
*ATTORNEYS AT LAW*
*LOS ANGELES, CALIFORNIA*

EXHIBIT 1
3

1    Plaintiff is Amy L. Goldman, chapter 7 trustee (the "Trustee") for the bankruptcy estate

2    (the "Estate") of Mainstream Advertising, Inc. ("Mainstream").  As the Trustee was not appointed

3    until after March 7, 2018, the date on which an Order for Relief was entered against Mainstream,

4    the Trustee does not have personal knowledge of the facts alleged below and therefore alleges

5    those facts on information and belief.

6    <u>**JURISDICTION AND VENUE**</u>

7    1.    In accordance with the requirements of Local Bankruptcy Rule 7008-1, the San

8    Fernando Valley Division of the United States Bankruptcy Court for the Central District of

9    California (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under 28

10    U.S.C. § 1334, because the claims asserted herein arise under title 11 of the United States Code or

11    arise in or relate to the Chapter 7 case of the debtor, Mainstream, currently pending in the

12    Bankruptcy Court as Case No. 1:17-bk-12980-MT (the "Mainstream Bankruptcy Case").  The

13    outcome of this adversary proceeding will have a significant effect on the Mainstream Chapter 7

14    bankruptcy estate (the "Estate") because it asserts claims for the return of Mainstream property.

15    One or more of the claims for relief in this Complaint constitute a core proceeding under 28

16    U.S.C. § 157(b)(2)(H).  Regardless of whether this is a core proceeding, consent is hereby given to

17    the entry of final orders and judgment by the Bankruptcy Court.  Each defendant is hereby notified

18    that Fed. R. Bankr. P. 7012(b) requires each defendant to state whether the defendant does or does

19    not consent to the entry of final orders and judgment by the Bankruptcy Court.

20    2.    Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409

21    because the Mainstream Bankruptcy Case is pending in this district and division.  This Court also

22    has personal jurisdiction over each of the defendants.

23    <u>**PARTIES**</u>

24    3.    Plaintiff Amy L. Goldman is the chapter 7 trustee of the Mainstream Estate.

25    4.    Defendant Michael Berger ("Berger") is the former attorney for debtor Mainstream.

26    Berger currently resides in Los Angeles County.

27    5.    The Trustee is not aware of the true names and capacities (whether individual,

28    associate, corporate, or otherwise) of defendants Does 1 through 10, or any of them, and therefore

2

EXHIBIT 1
4

Case 1:20-ap-01028-MT    Doc 1    Filed 03/06/20    Entered 03/06/20 11:24:48    Desc
Main Document    Page 3 of 48

1  sues said defendants, and each of them, by such fictitious names and will amend this Complaint to

2  include their true names and capacities, when ascertained, together with appropriate charging

3  allegations.

4  **GENERAL ALLEGATIONS**

5      6.      Mainstream was created in or around April 2005 by Iraj Khoshnood ("Khoshood")

6  and his wife, Shala Mishkanin, a/k/a Sheila (Shahla) Mishkan ("Mishkanin").  At all relevant

7  times, Mishkanin was the sole shareholder of record, President and/or Chief Executive Officer of

8  Mainstream, Khoshnood "generally operated" Mainstream, and their son Danny Bibi, f/ka Daniel

9  Khoshnood ("Bibi") was a de facto or de jure Vice President of Mainstream.  At all relevant times,

10  Khoshood, Mishkanin, and Bibi were each a person in control of Mainstream.

11      7.      Mainstream was a California based business that engaged in on-line advertising and

12  search engine optimization ("SEO").  While in business, Mainstream claimed to have control over

13  approximately 83,000 domains (primarily owned by third-party clients) which it would use to send

14  internet traffic to its various clients' websites.

15      8.      Mainstream itself only owned two domains: (i) "mainstream.com" and (ii)

16  dittomains.com".  Mainstream monetized these third-party domains through advertising activities

17  and assisting clients in "optimizing" their own websites so as to "rank higher" (become easier to

18  find) on various search engines (Google, Yahoo, Bing, etc.).

19      9.      Bibi also owned and controlled other entities, engaged in businesses compatible

20  with that of Mainstream: (i) Monetize.com, Inc. ("Monetize") and (ii) its subsidiary,

21  Admedia.com, Inc ("Admedia").

22      10.     On November 8, 2017, petitioning creditor Moniker Online Services, LLC

23  ("Moniker") commenced an involuntary bankruptcy proceeding against Mainstream (the "Petition

24  Date").  On March 7, 2018, an order for relief under Chapter 7 of the Bankruptcy Code was

25  entered by this Court.  The Trustee was appointed on March 7, 2018.

26      11.     Before and during its time in bankruptcy, Mainstream was represented by Berger,

27  who practice includes bankruptcy law.  In a 341(a) meeting of Mainstream's creditors, Berger

28  stated under penalty of perjury that he did not work for Bibi, Admedia, or Monetize, but only

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

EXHIBIT 1
5

1 worked for the debtor, Mainstream.  Berger eventually withdrew from his representation of

2 Mainstream.

3       12.     On August 8, 2019, Berger filed a complaint in the Superior Court of California,

4 County of Los Angeles, for *inter alia*, breach of contract as to Mainstream, Bibi, Admedia, and

5 Monetize (*Berger v. Bibi, et al.*, Los Angeles Superior Court Case No. 19STLC07386).  On

6 September 5, 2019, Berger filed a first amended complaint ("Berger FAC"), a copy of which is

7 attached as **Exhibit 1**.  In the Berger FAC, Berger alleged that Bibi, Mainstream, Admedia, and

8 Monetize are all alter-egos of each other.  Berger named Mainstream as a defendant in *Berger v.*

9 *Bibi, et al.,* notwithstanding that he had represented Mainstream in this bankruptcy case and knew

10 or should have known when he commenced that litigation that doing so violates 11 U.S.C. § 327.

11 Moreover, Berger did not disclose to the Trustee that he had commenced and was prosecuting the

12 *Berger v. Bibi, et al.,* action.  The Trustee learned of this case only because she was informed of it

13 by Mr. Bob Bass of Admedia on February 24, 2020.

14      13.     As bankruptcy counsel for Mainstream, Berger was to be paid from the Estate

15 pursuant to a fee application approved by the Court.  However, instead, Berger was paid by

16 Monetize via funds transferred from Mainstream to Monetize.  Specifically, in or around

17 November 2017 to March 2018 (after the Petition Date but before the Order for Relief was

18 entered), Mainstream made a transfer of approximately $400,000 to Monetize.  Of that

19 approximate $400,000, Berger was paid his attorney's fees by Monetize for his work for

20 Mainstream, in violation of 11 U.S.C. §§ 328, 330 (the "Monetize Transfers").  On April 5, 2018,

21 Berger stated in his Disclosure of Compensation of Attorney for Debtor [Main Case Docket No.

22 57] that he was paid a $10,000 retainer and had received $39,339.64 from the debtor, Mainstream.

23 On July 29, 2018, Berger filed an amended Compensation of Attorney for Debtor [Main Case

24 Docket No. 112], showing that he was paid a $10,000 retainer, plus $39,339.64 in fees, and was

25 owed an additional $7,500.  That amended statement also disclosed, for the first time, that Berger

26 was being paid by Monetize and not Mainstream.

27      14.     The fee payments Berger received were, in part, as follows: (i) $10,000 on

28 11/20/2017 (possibly retainer); (ii) $14,339.64 on 1/31/2018; (iii) $5,000 on 2/21/2018; (iv)

4

EXHIBIT 1
6

Case 1:20-ap-01028-MT    Doc 1    Filed 03/06/20    Entered 03/06/20 11:24:48    Desc
Main Document      Page 5 of 48

1  $10,000 on 3/14/18; (v) $922 on 3/19/18; and (vi) $15,000 on 5/1/18 for a total of $45.261.64 (not

2  including the $10,000 retainer payment), which is in excess of the disclosed $39,339.64 in the

3  amended Compensation of Attorney for Debtor.  No application or motion was ever filed under

4  any code section (including 11 U.S.C. §§ 328, 330) to authorize this compensation.

5          15.    The Trustee and her counsel have made repeated requests to Berger to turn over his

6  client files for Mainstream (the "Mainstream Files") to the Estate, as the Mainstream Files are

7  property of the Estate and the privilege between Mainstream and Berger passed to the Trustee

8  upon her appointment.

9          16.    Despite repeated requests from the Trustee and her counsel, to date, Berger has

10  failed and refused to turn over the Mainstream Files.  Instead, Berger has stated that, although he

11  "understand[s] the legal argument that the Trustee holds the privilege for [Mainstream]" he will

12  not turn over the Mainstream Files without a Court order. See attached Exhibit 2.  These files are

13  critical to the proper administration of the Estate.

14                        **<u>FIRST CLAIM FOR RELIEF</u>**

15            **(Against All Defendants, For Turnover of Property of the Debtor,**

16                       **under 11 U.S.C. § 542 (a))**

17          17.    The Trustee incorporates by reference and realleges paragraphs 1-16 of this

18  Complaint.

19          18.    The Trustee contends that the Estate is the 100% owner of the Mainstream Files

20  currently in possession of defendants, and that the attorney-client privilege between Mainstream

21  and Berger passed to the Trustee on her appointment.

22          19.    The Trustee further contends that the Estate's ownership, right, title, and interest in

23  such property is free and clear of any and all other claims of ownership by Berger or any other

24  person and, as the representative of the Estate, she is the only person authorized to use and dispose

25  of such property except as otherwise authorized by applicable law.

26          20.    The Court should order that defendants turn over the Mainstream Files to the

27  Trustee pursuant to 11 U.S.C. § 542(a) as property that the Trustee may use, sell, or lease under 11

28  U.S.C. § 363 *et seq*., that is not of inconsequential value or benefit to the Estate.

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Case 1:20-ap-01028-MT    Doc 1    Filed 03/06/20    Entered 03/06/20 11:24:48    Desc
Main Document    Page 6 of 48

**SECOND CLAIM FOR RELIEF**

**(Against All Defendants, To Avoid Postpetition Transfers of Property of the Debtor under**

**11 U.S.C. §§ 549)**

21.    The Trustee incorporates by reference and realleges paragraphs 1-16 of this

Complaint.

22.    During the period after the Petition Date, Bibi directed and caused Mainstream to

make transfers of its property, including money, to or for the benefit of the defendants, and

specifically a portion of the Monetize Transfers: $10,000 on 3/14/18; $922 on 3/19/18; and

$15,000 on 5/1/18.  Those transfers are referred to herein as the "Postpetition Transfers."

23.    Bibi caused Mainstream to make these transfers to or for the benefit of the

defendants to avoid oversight from this court and to hinder Mainstream's creditors from

monitoring Mainstream's financial activities.  The Postpetition Transfers were made even though

Bibi and the defendants knew that (i) Mainstream was subject to substantial creditor claims and

the Postpetition Transfers reduced the amount of funds available to pay these creditors; (ii)

Mainstream was in an involuntary bankruptcy proceeding subject to Court oversight; (iii) the

Postpetition Transfers made to Monetize as the initial transferee conferred no value upon

Mainstream at the time those transfers were made.  Specifically, the Postpetition Transfers at issue

were made *after* the Petition Date, which subsequently resulted in the entry of the Order for Relief.

Rather than pay its attorneys directly with obtain permission from the Court via 11 U.S.C. §§ 328,

330, Bibi chose to have Mainstream make the Postpetition Transfers to Berger through Monetize

with no authorization to do so.

24.    The defendants did not take any of the Postpetition Transfers in good faith as

subsequent transferees from Monetize.  Specifically, defendants knew prior to the receipt of the

Postpetition Transfers that (i) Mainstream was in a bankruptcy proceeding; (ii) the Postpetition

Transfers were required to be paid directly from Mainstream pursuant to Court order under 11

U.S.C. §§ 328 and 330; and (iii) Berger had represented to the Court that he worked solely for the

debtor, Mainstream, and not Bibi, Monetize, or Admedia.  Defendants accepted the Postpetition

Transfers from Monetize while knowing that Mainstream had received no or less than reasonably

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6

EXHIBIT 1
8

1  equivalent value from Monetize in exchange for those transfers.

2              **THIRD CLAIM FOR RELIEF**

3  **(Against All Defendants, To Recover Avoided Transfers under 11 U.S.C. § 550(a)(1), (a)(2))**

4          25.    The Trustee incorporates by reference and realleges paragraphs 1-16 and 22-24 of

5  this Complaint.

6          26.    Defendants (i) are subsequent transferees of the initial transferee of the Postpetition

7  Transfers, and (ii) did not take such transfers for value and/or in good faith and/or without

8  knowledge of the voidability of such transfers.  Each of the transfers referred to in this claim for

9  relief is recoverable from such defendants, named and unnamed, as a subsequent transferee of the

10  transfers that Bibi directed and caused Mainstream to make to Monetize.

11              **FOURTH CLAIM FOR RELIEF**

12          **(Against Berger, for Breach of Fiduciary Duty)**

13          27.    The Trustee incorporates by reference and realleges paragraphs 1-16 of this

14  Complaint.

15          28.    Berger, as the attorney for the debtor Mainstream, owed Mainstream the highest

16  duty of loyalty in representing Mainstream.  As part of his duty of loyalty to Mainstream, Berger

17  was required to act in good faith and in the best interests of Mainstream over his own interests and

18  the interests of other parties.

19          29.     Berger breached his fiduciary duties to Mainstream by, among other things, (i)

20  representing Bibi, Monetize, and Admedia, who have interests adverse to Mainstream; (ii) stating

21  to the Court that he only represented Mainstream (and not Bibi, Monetize, or Admedia), when he

22  in fact represented all four persons/entities per his allegations in *Berger v. Bibi et al.* that

23  Mainstream, Bibi, Monetize, and Admedia were all alter-egos one another; (iii) accepting payment

24  from a third party (the Monetize Transfers) as compensation for services rendered to his client,

25  Mainstream; and (iv) accepting the Monetize Transfers in violation of 11 U.S.C. §§ 328, 330.

26          30.    Berger's negligent, reckless, and intentional actions caused significant damage to

27  Mainstream and its creditors by compromising the oversight afforded by the bankruptcy process,

28  and dividing his loyalties between his client, Mainstream, and parties adverse to Mainstream

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

7

EXHIBIT 1
9

1    (Bibi, Monetize, and Admedia).

2    31.    As a result of Berger's actions, the Trustee is entitled to recover for the benefit of

3    the Estate damages in the amount all fees paid to Berger as a result of his representation of

4    Mainstream, whether by Mainstream directly, or through any third party.

5    32.    The wrongful conduct of Berger as alleged in this claim for relief, was willful,

6    wanton, malicious, oppressive, outrageous and fraudulent, and justifies an award of punitive

7    damages in an amount sufficient to punish said defendant and deter future conduct of this type.

8    **WHEREFORE,** the Trustee, on behalf of the Estate, prays for judgment against the

9    defendants, and each of them, as follows:

10    1.    On the First Claim for Relief against all defendants, for a judgment requiring

11    turnover of the Mainstream Files to the Trustee for the benefit of the Estate;

12    2.    On the Second Claim for Relief against all defendants, for a judgment that (i)

13    avoids the Postpetition Transfers and (ii) imposes a constructive trust on the Postpetition Transfers

14    and any proceeds thereof;

15    3.    On the Third Claim for Relief against all defendants, for a judgment in an amount

16    equal to the value of the transfers avoided under the Second Claim for Relief;

17    4.    On the Fourth Claim for Relief for breach of fiduciary duty against Berger, for a

18    judgment that awards compensatory and exemplary damages in an amount to be determined at

19    trial;

20    / / /

21    / / /

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8

EXHIBIT 1
10

1    5.    For pre- and post-judgment interest at the applicable legal rate on all damages and

2    sums awarded to the Trustee for the benefit of the Estate; and

3    6.    For such other relief as the Court deems just and proper.

4

5    Dated:  March 6, 2020                LANDAU GOTTFRIED & BERGER LLP

6

7    By _____/s/ John P. Reitman_____
                                                        John P. Reitman

8    Proposed Special Litigation Counsel for Amy L.
     Goldman, Chapter 7 Trustee for Mainstream

9    Advertising, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

9

EXHIBIT 1
11

# EXHIBIT 1

EXHIBIT 1
12

Electronically FILED by Superior Court of California, County of Los Angeles on 09/05/2019 02:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Ramos,Deputy Clerk

**PLD-C-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Michael Jay Berger (100291)<br>The Law Offices of Michael Jay Berger<br>9454 Wilshire Blvd. 6th Floor.<br>Beverly Hills, CA 90212<br>  TELEPHONE NO:  (310) 271-6223    FAX NO *(Optional)*:  (310) 271-9805<br>  E-MAIL ADDRESS *(Optional)*:  michael.berger@bankruptcypower.com<br>  ATTORNEY FOR *(Name)*:  Michael Jay Berger | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
  STREET ADDRESS: 111 N. Hill St.
  MAILING ADDRESS: 111 N. Hill St.
  CITY AND ZIP CODE: Los Angeles
  BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: Michael Jay Berger

DEFENDANT: Daniel Bibi. (Additional Parties Attachment form is attached)

[✓] DOES 1 TO 10

| CONTRACT |
|---|
| [ ] COMPLAINT    [✓] AMENDED COMPLAINT *(Number)*:<br>                                    1<br>[ ] CROSS-COMPLAINT   [ ] AMENDED CROSS-COMPLAINT *(Number)*: |

| Jurisdiction *(check all that apply)*: | CASE NUMBER: |
|---|---|
| [✓] ACTION IS A LIMITED CIVIL CASE<br>    Amount demanded  [ ] does not exceed $10,000<br>                              [✓] exceeds $10,000 but does not exceed $25,000<br>[ ] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint<br>        [ ] from limited to unlimited<br>        [ ] from unlimited to limited | 19STLC07386 |

1.  **Plaintiff*** *(name or names)*:
    Michael Jay Berger
    alleges causes of action against **defendant*** *(name or names)*:
    Daniel Bibi, Admedia.com, Inc., Mainstream Advertising, Inc. and Monetize.com, Inc.

2.  This pleading, including attachments and exhibits, consists of the following number of pages: 28

3.  a. Each plaintiff named above is a competent adult
        [ ] **except** plaintiff *(name)*:
            (1) [ ] a corporation qualified to do business in California
            (2) [ ] an unincorporated entity *(describe)*:
            (3) [ ] other *(specify)*:

    b. [✓] Plaintiff *(name)*: Michael Jay Berger
        a. [✓] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify)*:
            The Law Offices of Michael Jay Berger
        b. [ ] has complied with all licensing requirements as a licensed *(specify)*:
    c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4.  a. Each defendant named above is a natural person
        [✓] **except** defendant *(name)*: (see attached MC025)   [ ] **except** defendant *(name)*:
            (1) [ ] a business organization, form unknown      (1) [ ] a business organization, form unknown
            (2) [ ] a corporation                              (2) [ ] a corporation
            (3) [ ] an unincorporated entity *(describe)*:     (3) [ ] an unincorporated entity *(describe)*:

            (4) [ ] a public entity *(describe)*:              (4) [ ] a public entity *(describe)*:

            (5) [ ] other *(specify)*:                         (5) [ ] other *(specify)*:

*\* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.*

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001 [Rev. January 1, 2007] | **COMPLAINT—Contract** | Page 1 of 2<br>Code of Civil Procedure, § 425.12 |

EXHIBIT 1
10
EXHIBIT 1
13

**PLD-C-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Berger v. Bibi, et al | 19STLC07386 |

4.    *(Continued)*

b. The true names of defendants sued as Does are unknown to plaintiff.

(1) ☑ Doe defendants *(specify Doe numbers):* 10 _____ were the agents or employees of the named
defendants and acted within the scope of that agency or employment.

(2) ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to
plaintiff.

c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, **and**

a. ☐ has complied with applicable claims statutes, *or*

b. ☐ is excused from complying because *(specify):*

6. ☑ This action is subject to    ☑ Civil Code section 1812.10    ☐ Civil Code section 2984.4.

7. This court is the proper court because

a. ☑ a defendant entered into the contract here.

b. ☐ a defendant lived here when the contract was entered into.

c. ☐ a defendant lives here now.

d. ☑ the contract was to be performed here.

e. ☑ a defendant is a corporation or unincorporated association and its principal place of business is here.

f. ☐ real property that is the subject of this action is located here.

g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or
more causes of action attached):*

☑ Breach of Contract

☑ Common Counts

☐ Other *(specify):*

9. ☐ Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

a. ☑ damages of: $ 11,169.30

b. ☑ interest on the damages

(1) ☐ according to proof

(2) ☑ at the rate of *(specify):*    10    percent per year from *(date):* 01/15/2019

c. ☐ attorney's fees

(1) ☐ of: $

(2) ☐ according to proof.

d. ☐ other *(specify):*

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 08/28/2019

Michael Jay Berger
_____                              ▸    _____
(TYPE OR PRINT NAME)                                                  (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

EXHIBIT 1
11
EXHIBIT 1
14

MC-025

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Berger v. Bibi, et al | 19STLC07386 |

**ATTACHMENT** *(Number):* 1 _____

*(This Attachment may be used with any Judicial Council form.)*

Additional Parties Attachment form

Admedia.com, Inc., Defendant

Mainstream Advertising, Inc., Defendant

Monetize.com, Inc. Defendant

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __1__ of __3__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

EXHIBIT 1
12
EXHIBIT 1
15

**MC-025**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Berger v. Bibi, et al | 19STLC07386 |

**ATTACHMENT** *(Number):* 2

*(This Attachment may be used with any Judicial Council form.)*

4. a (continued):

Admedia.com, Inc. - a corporation

Mainstream Advertising, Inc. - a corporation

Monetize.com, Inc. - a corporation

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __2__ of __3__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

EXHIBIT 1
13
EXHIBIT 1
16

PLD-C-001(1)

| SHORT TITLE: Berger v. Bibi et al | CASE NUMBER: 19STLC07386 |
|---|---|

First _____    CAUSE OF ACTION—**Breach of Contract**
(number)

ATTACHMENT TO  [✓] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.  Plaintiff *(name)*:  Michael Jay Berger

alleges that on or about *(date)*:  11/16/2017
a  [✓] written   [ ] oral   [ ] other *(specify)*:
agreement was made between *(name parties to agreement)*:
Michael Jay Berger and Daniel Bibi, Admedia.com, Inc., Mainstream Advertising, Inc. and Monetize.com, Inc.

[✓] A copy of the agreement is attached as Exhibit A, or
[ ] The essential terms of the agreement   [ ] are stated in Attachment BC-1   [ ] are as follows *(specify)*:

BC-2.  On or about *(dates)*:  01/15/2019
defendant breached the agreement by  [ ] the acts specified in Attachment BC-2   [ ] the following acts
*(specify)*:

Not paying Plaintiff's legal bills for attorney's fees and costs

BC-3.  Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4.  Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4   [ ] as follows *(specify)*:

BC-5.  [ ]  Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[ ] according to proof.

BC-6.  [✓]  Other:
Attached hereto as Exhibit "B" is a true and correct copy of the 05/17/2019 Notice of Client's Right to Fee Arbitration served on Defendant. This Notice also includes a copy of the written fee agreement and the most recent invoice sent to Defendants.

Page _____ 1

Page 1 of 1

CAUSE OF ACTION—**Breach of Contract**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

EXHIBIT 1
14
EXHIBIT 1
17

PLD-C-001(2)

| SHORT TITLE: Berger v. Bibi, et al | Case number 19STLC07386 |
|---|---|

Second _____     **CAUSE OF ACTION—Common Counts**
*(number)*

ATTACHMENT TO  [✓] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):* Michael Jay Berger

    alleges that defendant *(name):* Daniel Bibi, Admedia.com, Inc., Mainstream Advertising, Inc. and Monetize.com, Inc.

    became indebted to   [✓] plaintiff   [ ] other *(name):*

    a.  [✓] within the last four years
        (1)  [ ] on an open book account for money due.
        (2)  [✓] because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

    b.  [✓] within the last   [✓] two years   [ ] four years
        (1)  [ ] for money had and received by defendant for the use and benefit of plaintiff.
        (2)  [✓] for work, labor, services and materials rendered at the special instance and request of defendant and for which defendant promised to pay plaintiff
            [✓] the sum of $ 11,169.30
            [ ] the reasonable value.
        (3)  [ ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff
            [ ] the sum of $
            [ ] the reasonable value.
        (4)  [ ] for money lent by plaintiff to defendant at defendant's request.
        (5)  [ ] for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
        (6)  [ ] other *(specify):*

CC-2. $ _____ , which is the reasonable value, is due and unpaid despite plaintiff's demand.
    plus prejudgment interest   [ ] according to proof   [✓] at the rate of   10   percent per year
    from *(date):* 01/15/2019

CC-3.  [ ] Plaintiff is entitled to attorney fees by an agreement or a statute
        [ ] of $
        [ ] according to proof.

CC-4.  [ ] Other:

Page   2

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2009]
**CAUSE OF ACTION—Common Counts**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

EXHIBIT 1
15
EXHIBIT 1
18

MC-025

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Berger v. Bibi, et al | |

ATTACHMENT (Number): __3__

*(This Attachment may be used with any Judicial Council form.)*

ALTER EGO ALLEGATIONS

1. At all relevant times, as alleged more fully herein, each Defendant acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venturer of the other Defendants, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the joint venture. Each of the Defendant's acts alleged herein was done with the permission and consent of each of the other Defendants.

2. At all times relevant hereto, Defendants Admedia.com, Inc., Mainstream Advertising, Inc. and Monetize.com, Inc. were the alter egos of Defendant Bibi, and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between Defendants such that any separateness between them has ceased to exist in that Defendant Bibi completely controlled, dominated, managed, and operated the other Defendants to suit his convenience.

3. Specifically, at all times relevant hereto, Defendant Bibi
(1) controlled the business and affairs of Admedia.com, Inc., Mainstream Advertising, Inc. and Monetize.com, Inc., including any and all of their affiliates;
(2) commingled the funds and assets of the corporate entities, and diverted corporate funds and assets for his own personal use;
(3) disregarded legal formalities and failed to maintain arm's length relationships among the corporate entities;
(4) inadequately capitalized Admedia.com, Inc., Mainstream Advertising, Inc. and Monetize.com, Inc.;
(5) used the same office or business location and employed the same employees for all the corporate entities;
(6) held himself out as personally liable for the debts of the corporate entities;
(7) used the corporate entities as a mere shells, instrumentalities or conduits for himself and/or his individual businesses;
(8) used the corporate entities to procure labor, services or merchandise for another person or entities; (9) manipulated the assets and liabilities between the corporate entities so as to concentrate the assets in one and the liabilities in another;
(10) used corporate entities to conceal their ownership, management and financial interests and/or personal business activities; and/or
(11) used the corporate entities to shield against personal obligations, and in particular the obligations as alleged in this Complaint.

4. At all times relevant thereto, Defendants Admedia.com, Inc., Mainstream Advertising, Inc. and Monetize.com, Inc. were not only influenced and governed by Defendant Bibi, but there was such a unity of interest and ownership that the individuality, or separateness, of Bibi, Admedia.com, Inc., Mainstream Advertising, Inc. and Monetize.com, Inc. has ceased, and that the facts are such that an adherence to the fiction of the separate existence of these entities would, under the particular circumstances, sanction a fraud or promote injustice.

5. Plaintiff is informed and believes that at all relevant times mentioned herein, the acts of the business entities involved were performed by an employee, agent, officer, servant and/or representative of Bibi, Admedia.com, Inc., Mainstream Advertising, Inc. or Monetize.com, Inc.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __1__ of __1__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
to Judicial Council Form

www.courtinfo.ca.gov

EXHIBIT 1
16
EXHIBIT 1
19

# EXHIBIT A

EXHIBIT 1
17
EXHIBIT 1
20

## Law Offices of Michael Jay Berger
9454 Wilshire Blvd., 6th Floor
Beverly Hills, California 90212-2929
Tel 310-271-6223 • Fax 310-271-9805
e-mail: michael.berger@bankruptcypower.com
website: www.bankruptcypower.com

Michael Jay Berger is a California State Bar
Certified Bankruptcy Law Specialist

Sofya Davtyan
Ori Blumenfeld
Carolyn Afari

November 16, 2017

Danny Bibi, Vice-President
Mainstream Advertising, Inc., a California corporation
6320 Canoga Ave., Ste 200
Woodland Hills, CA 91367

Re:  Representing Mainstream Advertising, Inc., a California Corporation in an Involuntary
Chapter 7 Bankruptcy filed in the United States Bankruptcy Court, Central District of California,
Case No. 1:17-bk-12980-MT

This document is our written fee contract. California law requires lawyers to have written fee
contracts with their clients. I will provide legal services to you on the terms set forth below.

1.    CONDITIONS.              This agreement will not take effect, and I will have no
obligation to provide legal services, until you return a signed copy of this agreement to me and pay the
total retainer of $10,000.00 called for in paragraph 4.

2.    SCOPE OF SERVICES.              You are hiring me to represent Mainstream
Advertising, Inc., a California corporation (the "Company"). I will provide the legal services reasonably
required to represent the Company. This will include preparing the Chapter 7 bankruptcy schedules and
all supporting statements, and advising you regarding the Company's legal rights and obligations in a
bankruptcy proceeding. I will file a Motion for Relief from the Automatic Stay in order to allow you to
proceed with your Motion to Set Aside Final Default Judgment in the United States District Court,
Southern District of Florida, Fort Lauderdale Division, case no. 16-cv-61316-BB/Valle. I will represent
you at the status conference and prepare an answer to the involuntary petition. I will prepare discovery
and represent you through trial, if necessary. I will also prepare a Motion for Attorneys' Fees, if this
case is dismissed. In addition, I will review state court legal actions filed against the Company, respond
to creditor inquiries, review proofs of claim filed in the Company's bankruptcy, object to inappropriate
claims, respond to all Motions filed in the Company's bankruptcy proceeding, and prepare Notices of
Automatic Stay in all state court proceedings in which the Company is sued during the pendency of the
Company's bankruptcy proceeding. I will keep you informed about the status of the Company's case
and to respond to your inquiries.

1

EXHIBIT 1
18
EXHIBIT 1
21

Note:  I only represent the Debtor, Mainstream Advertising, Inc. I do not represent you personally. I recommend that you seek separate counsel to protect your interests.

3.    CLIENT'S DUTIES.       You agree to be truthful with me, to cooperate with me, to keep me informed of developments which affect this case, to abide by this agreement, to pay my bills on time, and to keep me advised of your address, telephone number and whereabouts.

4.    RETAINER.       You agree to pay me a retainer of $10,000.00 that is due before you file bankruptcy. This retainer shall be deposited into my client trust account and will be billed against at the hourly rates set forth herein. Before filing your bankruptcy petition, I will give you a bill for all of my time and costs spent on your matter before the filing of your bankruptcy petition. The amount due and owing pursuant to this bill shall be deemed to be fully earned prior the filing of the bankruptcy petition on your behalf. I shall withdraw this amount from my client trust account prior to my filing of the bankruptcy petition on your behalf. After the filing of your bankruptcy petition, I will continue to bill against the remaining balance of the retainer. The $10,000.00 retainer is a retainer. It is not a cap. It is not a minimum fee. Your final bill could be more or less than the retainer amount. Your actual total bill will be based on the hourly rate charges and costs.

5.    LEGAL FEES.       You agree to pay me for my legal services at the following hourly rates: Michael Berger's time -- $525.00/ hour; senior associate attorney Sofya Davtyan's time -- $400.00/hour; senior associate attorney Ori Blumenfeld's time -- $395.00/hour; mid-level associate attorney Carolyn Afari time -- $350.00/hour; Jr. associate attorney's time -- $275.00/hour; Sr. Bankruptcy paralegal and law clerk time -- $225.00/hour; paralegal time - $200.00/hour. These rates will not be raised and will continue in effect until the conclusion of this case.

6.    COSTS.       In addition to paying legal fees, you agree to reimburse me for all costs and expenses that I incur on your behalf. Costs and expenses commonly include court filing fees, trustee fees, court reporter fees, long distance telephone calls, messenger fees, postage, in office photocopying at $.20 per page, no charge for receiving faxes, $.20 per page for sending faxes, parking, and mileage at $.55 per mile. I will have no obligation to advance any money for costs. I agree to waive all costs for computerized legal research and word processing. You authorize me to incur all reasonable costs.

7.    BILLS.       I will send you periodic bills for any fees and costs that I incur on your behalf. I will apply to the bankruptcy court for approval of my fees and costs. So long as your case is pending in the bankruptcy court, no further compensation will be paid to me without the approval of the bankruptcy court.

8.    DISCHARGE AND WITHDRAWAL.       You may discharge me at any time. I may withdraw with your consent or for good cause as found by a court of law. Good cause includes, but is not limited to, your breach of this agreement, your refusal to cooperate with me or to follow my advice on a material matter, or any fact or circumstance which would render my continuing representation of you nonproductive, unlawful or unethical.

EXHIBIT 1
19
EXHIBIT 1
22

9.    PROFESSIONAL LIABILITY INSURANCE.    Pursuant to California Rule of Professional Conduct 3-410, I am informing you in writing that I do not have professional liability insurance.

10.    DISCLAIMER OF GUARANTEE.    Nothing in this agreement and nothing in my statements to you should be construed as a promise or guarantee about the outcome of your matter. I make no such promises or guarantees. My comments about the possible outcome of your matter are expressions of opinion only.

Thank you for retaining me in this matter. I will use my best efforts on your behalf.

LAW OFFICES OF MICHAEL JAY BERGER

By: _____
Michael Jay Berger

I have read and understood the foregoing terms and agree to them.

MAINSTREAM ADVERTISING, INC., A CALIFORNIA CORPORATION

Dated: 11-16-2017    By: _____
Danny Ho, Vice-President

EXHIBIT 1
20
EXHIBIT 1
23

# EXHIBIT B

EXHIBIT 1
21
EXHIBIT 1
24

## Notice of Client's* Right To Fee Arbitration

Client's Name:  Danny Bibi

Client's Address:  6320 Canoga Ave. Ste. #200

Client's City, State & Zip:  Woodland Hills, CA 91367

Attorney's Name:  Michael Jay Berger

Attorney's Address:  9454 Wilshire Blvd. 6th Floor

Attorney's City, State & Zip:  Beverly Hills, CA 90212

You have an outstanding balance for fees and/or costs for professional services in the amount of  $ 11,169.30

charged to you in the matter of  Mainstream Advertising, Inc. Bankruptcy, Case No.: 1:17-bk-12980

☐ I have filed a lawsuit against you in the:

Court: _____ Case No.: _____

Address: _____

☐ I have filed an arbitration proceeding against you with the:

Agency: _____ Case No.: _____

Address: _____

☑ No lawsuit or arbitration proceeding has yet been filed but may be filed if we do not resolve this claim.

You have the right under Sections 6200-6206 of the California Business and Professions Code to request arbitration of these fees or costs by an independent, impartial arbitrator or panel of arbitrators through a bar association program created solely to resolve fee disputes between lawyers and clients.

You will LOSE YOUR RIGHT TO ARBITRATION UNDER THIS PROGRAM if:

1. YOU DO NOT FILE A WRITTEN APPLICATION FOR ARBITRATION WITH THE BAR ASSOCIATION WITHIN **30 DAYS** FROM RECEIPT OF THIS NOTICE USING A FORM PROVIDED BY THE LOCAL BAR ASSOCIATION OR STATE BAR OF CALIFORNIA FEE ARBITRATION PROGRAM; OR

2. YOU RECEIVE THIS NOTICE AND THEN EITHER (1) ANSWER A COMPLAINT I HAVE FILED IN COURT; OR (2) FILE A RESPONSE TO ANY ARBITRATION PROCEEDING THAT I HAVE INITIATED FOR COLLECTION OF FEES, AND/OR COSTS, WITHOUT FIRST HAVING SERVED AND FILED A REQUEST FOR ARBITRATION UNDER THIS PROGRAM; OR

3. YOU FILE AN ACTION OR PLEADING IN ANY LAWSUIT WHICH SEEKS A COURT DECISION ON THIS DISPUTE OR WHICH SEEKS DAMAGES FOR ANY ALLEGED MALPRACTICE OR PROFESSIONAL MISCONDUCT.

I have the right to file a lawsuit against you if you give up your right to mandatory fee arbitration. If I have already filed a lawsuit or arbitration, you may have the lawsuit or arbitration postponed after you have filed an application for arbitration under this program.

I have determined that:

◉ There is a local program which may have jurisdiction to hear this matter. The arbitration program listed below is available to you:

Name of Program:  Beverly Hills Bar Association Fee Arbitration Program

Address:  9420 Wilshire Blvd.

City, State & Zip:  Beverly Hills, CA 90212

Telephone No.:  (310) 601-2422

You may wish to check the State Bar's website at www.calbar.ca.gov to see if there are other programs available to you.

◯ There is no approved local program which has jurisdiction to hear this matter.

The State Bar of California will conduct fee arbitration (1) where there is no approved local program, (2) where there is a local program but it declines for any reason to hear your case, (3) where there is a local program and you wish non-binding arbitration of this dispute and the local program refuses to allow non-binding arbitration of such dispute, or (4) if you believe you cannot receive a fair hearing before the local bar named above. If you need assistance, please contact Mandatory Fee Arbitration, State Bar of California, 180 Howard Street, San Francisco, CA 94105-1639, (415) 538-2020.

Date:  05/17/2019                           Attorney: _____

*The request for arbitration may also be made by a person who is not the client but who may be liable for or entitled to a refund of attorney's fees or costs.

(Mandatory State Bar Approved Form Rev. March 2013)

EXHIBIT 1
22
EXHIBIT 1
25

Danny Bibi, as an individual

Danny Bibi, as Vice President of Business Development for Mainstream Advertising, Inc.

Danny Bibi, as Vice President of Business Development for Monetize, Inc.

EXHIBIT 1
23
EXHIBIT 1
26

**Law Offices of Michael Jay Berger**
9454 Wilshire Blvd., 6th Floor
Beverly Hills, California 90212-2929
Tel 310-271-6223 • Fax 310-271-9805
e-mail: michael.berger@bankruptcypower.com
website: www.bankruptcypower.com

Michael Jay Berger is a California State Bar
Certified Bankruptcy Law Specialist

November 16, 2017

Danny Bibi, Vice-President
Mainstream Advertising, Inc., a California corporation
6320 Canoga Ave., Ste 200
Woodland Hills, CA 91367

Re:     Representing Mainstream Advertising, Inc., a California Corporation in an Involuntary
Chapter 7 Bankruptcy filed in the United States Bankruptcy Court, Central District of California,
Case No. 1:17-bk-12980-MT

        This document is our written fee contract. California law requires lawyers to have written fee
contracts with their clients. I will provide legal services to you on the terms set forth below.

        1.     CONDITIONS.           This agreement will not take effect, and I will have no
obligation to provide legal services, until you return a signed copy of this agreement to me and pay the
total retainer of $10,000.00 called for in paragraph 4.

        2.     SCOPE OF SERVICES.           You are hiring me to represent Mainstream
Advertising, Inc., a California corporation (the "Company"). I will provide the legal services reasonably
required to represent the Company. This will include preparing the Chapter 7 bankruptcy schedules and
all supporting statements, and advising you regarding the Company's legal rights and obligations in its
bankruptcy proceeding. I will file a Motion for Relief from the Automatic Stay in order to allow you to
proceed with your Motion to Set Aside Final Default Judgment in the United States District Court,
Southern District of Florida, Fort Lauderdale Division, case no. 16-cv-61326-BB/Valle. I will represent
you at the status conference and prepare an answer to the involuntary petition. I will prepare discovery
and represent you through trial, if necessary. I will also prepare a Motion for Attorneys' Fees, if this
case is dismissed. In addition, I will review state court legal actions filed against the Company, respond
to creditor inquiries, review proofs of claim filed in the Company's bankruptcy, object to inappropriate
claims, respond to all Motions filed in the Company's bankruptcy proceeding, and prepare Notices of
Automatic Stay in all state court proceedings in which the Company is sued during the pendency of the
Company's bankruptcy proceeding. I will keep you informed about the status of the Company's case
and to respond to your inquiries.

EXHIBIT 1
24
EXHIBIT 1
27

Note:  I only represent the Debtor, Mainstream Advertising, Inc. I do not represent you personally. I recommend that you seek separate counsel to protect your interests.

3.    CLIENT'S DUTIES.        You agree to be truthful with me, to cooperate with me, to keep me informed of developments which affect this case, to abide by this agreement, to pay my bills on time, and to keep me advised of your address, telephone number and whereabouts.

4.    RETAINER.        You agree to pay me a retainer of $10,000.00, that is due before you file bankruptcy. This retainer shall be deposited into my client trust account and will be billed against at the hourly rates set forth herein. Before filing your bankruptcy petition, I will give you a bill for all of my time and costs spent on your matter before the filing of your bankruptcy petition. The amount due and owing pursuant to this bill shall be deemed to be fully earned prior to the filing of the bankruptcy petition on your behalf. I shall withdraw this amount from the client trust account prior to my filing of the bankruptcy petition on your behalf. After the filing of your bankruptcy petition, I will continue to bill against the remaining balance of the retainer. The $10,000.00 retainer is a retainer. It is not a cap. It is not a minimum fee. Your final bill could be more or less than the retainer amount. Your actual total bill will be based on the hourly rate charges and costs.

5.    LEGAL FEES.        You agree to pay me for my legal services at the following hourly rates: Michael Berger's time -- $525.00/ hour; senior associate attorney Sofya Davtyan's time -- $400.00/hour; senior associate attorney Ori Blumenfeld's time -- $395.00/hour; mid-level associate attorney Carolyn Afari time -- $350.00/hour; Jr. associate attorney's time -- $275.00/hour; Sr. Bankruptcy paralegal and law clerk time -- $225.00 hour; paralegal time -- $75.00/hour. These rates will not be raised and will continue in effect until the conclusion of this case.

6.    COSTS.        In addition to paying legal fees, you agree to reimburse me for all costs and expenses that I incur on your behalf. Costs and expenses commonly include court filing fees, trustee fees, court reporter fees, long distance telephone calls, messenger fees, postage, in-office photocopying at $.20 per page, no charge for receiving faxes, $.20 per page for sending faxes, parking and mileage at $.55 per mile. I will have no obligation to advance any money for costs. I agree to waive all costs for computerized legal research and word processing. You authorize me to incur all reasonable costs.

7.    BILLS.        I will send you periodic bills for any fees and costs that I incur on your behalf. I will apply to the bankruptcy court for approval of any fees and costs. So long as your case is pending in the bankruptcy court, no further compensation will be paid to me without the approval of the bankruptcy court.

8.    DISCHARGE AND WITHDRAWAL.        You may discharge me at any time. I may withdraw with your consent or for good cause as found by a court of law. Good cause includes but is not limited to, your breach of this agreement, your refusal to cooperate with me or to follow my advice on a material matter, or any fact or circumstance which would render my continuing representation of you nonproductive, unlawful or unethical.

EXHIBIT 1
25
EXHIBIT 1
28

9.    PROFESSIONAL LIABILITY INSURANCE.    Pursuant to California Rule of Professional Conduct 3-410, I am informing you in writing that I do not have professional liability insurance.

10.    DISCLAIMER OF GUARANTEE    Nothing in this agreement and nothing in my statements to you should be construed as a promise or guarantee about the outcome of your matter. I make no such promises or guarantees. My comments about the possible outcome of your matter are expressions of opinion only.

Thank you for retaining me in this matter. I will use my best efforts on your behalf.

LAW OFFICES OF MICHAEL JAY BERGER

By: _____
Michael Jay Berger

I have read and understood the foregoing terms and agree to them.

MAINSTREAM ADVERTISING, INC., A CALIFORNIA
CORPORATION

Dated: 11 - 16 - 2017    By: _____
Danny Bui, Vice-President

EXHIBIT 1
26
EXHIBIT 1
29

Law Offices of Michael Jay Berger
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929

Invoice submitted to:
Mainstream Advertising Involuntary Ch 7
6320 Canoga Avenue Suite 200
Woodland Hills. CA 91367

December 12, 2018

Invoice #579

### Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/28/2018 | MJB | Review Notice of Continued Meeting of Creditors, calendar same, have Peter send a copy of same to Danny Bibi | 0.10<br>525.00/hr | 52.50 |
| 10/1/2018 | MJB | Review email from Peter Mastan re alleged noncooperation of Danny Bibi, forward same to my client | 0.10<br>525.00/hr | 52.50 |
| 10/5/2018 | MJB | Review email exchange between Danny Bibi and Frank Gillman re mainstream domain name issues | 0.10<br>525.00/hr | 52.50 |
| | MJB | Review email from client re all domain access issues have been resolved | 0.10<br>525.00/hr | 52.50 |
| 10/10/2018 | MJB | Review and reply to email from Peter Mastan re settlement, copy to client re same | 0.10<br>525.00/hr | 52.50 |
| | MJB | Prepare email to client re response to the trustee's settlement demand | 0.10<br>525.00/hr | 52.50 |
| 10/15/2018 | MJB | Review follow up email from Peter Mastan re settlement, meet in person with Peter Mastan re same (while at an educational function) | 0.10<br>525.00/hr | NO CHARGE |
| 10/16/2018 | MJB | Review reply email from client re settlement, telephone call attempted to client re same | 0.10<br>525.00/hr | 52.50 |
| 10/17/2018 | MJB | Telephone call attempted to Danny Bibi re Peter Mastan settlement offer, leave message to call back | 0.10<br>525.00/hr | 52.50 |
| | MJB | Review email from Emily Caron regarding additional information needed to determine insurance coverage, review the attached prior email, forward same to client, analysis re same | 0.10<br>525.00/hr | 52.50 |

EXHIBIT 1
27
EXHIBIT 1
30

Mainstream Advertising Involuntary Ch 7                                         Page    2

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/19/2018 | MJB | Exchange texts with client re settlement, follow up with email re same | 0.10 525.00/hr | 52.50 |
| 10/24/2018 | MJB | Telephone call attempted, text client as well re settlement | 0.10 525.00/hr | 52.50 |
| | MJB | Telephone conference with client re his cooperation with the Trustee's counsel and the Trustee's agent, his response to their settlement offer | 0.20 525.00/hr | 105.00 |
| 11/13/2018 | MJB | Review email from Marisol Jaramillo re the continued meeting of creditors, forward same to Danny Bibi | 0.10 525.00/hr | 52.50 |
| 11/14/2018 | MJB | Telephone call attempted to client to confirm his attendance at the continued meeting of creditors set for Friday, follow up with text re same ; Exchange follow up texts with client re same | 0.10 525.00/hr | 52.50 |
| 11/15/2018 | MJB | Prepare email to Marisol Jaramillo re client's unavailability for continued meeting of creditors set for tomorrow, suggest alternate dates | 0.10 525.00/hr | 52.50 |
| 11/16/2018 | MJB | Review and reply to email from David Golubchik re proposed 2004 exam with document production, copy client re same | 0.20 525.00/hr | 105.00 |
| 11/19/2018 | MJB | Review and reply to email from David Golubchik re meet and confer for the proposed Rule 2004 exam | 0.10 525.00/hr | 52.50 |
| 11/20/2018 | MJB | Telephone call to David Golubchik to meet and confer re the 2004 exam with document production (.1); prepare email to client re same (.1) | 0.20 525.00/hr | 105.00 |
| | MJB | Review email from Emily Caron of One Beacon re denial of insurance coverage | 0.10 525.00/hr | 52.50 |
| 11/27/2018 | MJB | Review and reply to email from Marisol Jaramillo re continued meeting of creditors date to be set by the Trustee | 0.10 525.00/hr | 52.50 |
| 11/29/2018 | MJB | Review and calendar Notice of Continued Meeting of Creditors, email client re same | 0.10 525.00/hr | 52.50 |
| 12/2/2018 | MJB | Review Motion for Examination, prepare email to client re same | 0.20 525.00/hr | 105.00 |
| 12/5/2018 | MJB | Review Order Authorizing the 2004 Exam of Danny Bibi, calendar dates set forth therein, review the document request (.2). Prepare email to client re same (.1). Review and reply to email from client re his 2004 exam (.1) | 0.40 525.00/hr | 210.00 |
| 12/7/2018 | MJB | Review and reply to email from client re preparing a settlement offer (.1); Review copy of Danny Bibi's email to Peter Mastan re settlement (.1) | 0.20 525.00/hr | 105.00 |

EXHIBIT 1
28
EXHIBIT 1
31

Case 1:20-ap-01028-MT    Doc 1    Filed 03/06/20    Entered 03/06/20 11:24:48    Desc
Main Document      Page 30 of 48

Mainstream Advertising Involuntary Ch 7                                                Page    3

| Date | | | | Hrs/Rate | Amount |
|---|---|---|---|---|---|
| 12/10/2018 | MJB | Review and reply to email from Marisol Jaramillo to confirm appearance by my client and I at the continued meeting of creditors, text client re same | | 0.10 525.00/hr | 52.50 |
| | MJB | Review copy of follow up email from client to Peter Mastan re settlement, exchange texts with client re same and re the continued meeting of creditors | | 0.10 525.00/hr | 52.50 |
| 12/11/2018 | MJB | Text client re the continued meeting of creditors tomorrow | | 0.10 525.00/hr | 52.50 |
| | MJB | Review email from Peter Mastan re settlement, forward same to client | | 0.10 525.00/hr | 52.50 |
| 12/12/2018 | MJB | Go to 915 Wilshire Blvd for continued meeting of creditors, meet with Amy Goldman and Peter Mastan before and after Danny Bibi arrived, discuss possible settlement, return to the office | | 3.90 525.00/hr | 2,047.50 |
| | MJB | Calendar new continued meeting of creditors date, review email exchange between Samuel B and the client re document production in connection with the Rule 2004 exam (.1), prepare email to Peter Mastan and Amy Goldman authorizing them to discuss settlement directly with my client | | 0.10 525.00/hr | 52.50 |
| | | For professional services rendered | | 7.70 | $3,990.00 |
| | | Additional Charges : | | | |
| 12/12/2018 | | Travel to and from continued meeting of creditors | | | 9.90 |
| | | parking for continued meeting of creditors | | | 32.50 |
| | | Total additional charges | | | $42.40 |
| | | Total amount of this bill | | | $4,032.40 |
| | | Previous balance | | | $9,000.00 |
| | | Accounts receivable transactions | | | |
| 12/12/2018 | | Payment - Thank You | | | ($4,000.00) |
| | | Total payments and adjustments | | | ($4,000.00) |
| | | Balance due | | | $9,032.40 |

EXHIBIT 1
29
EXHIBIT 1
32

Law Offices of Michael Jay Berger
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929

Invoice submitted to:
Mainstream Advertising Involuntary Ch 7
6320 Canoga Avenue Suite 200
Woodland Hills, CA 91367

December 12, 2018

Invoice #579

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/28/2018 | MJB | Review Notice of Continued Meeting of Creditors, calendar same, have Peter send a copy of same to Danny Bibi | 0.10 525.00/hr | 52.50 |
| 10/1/2018 | MJB | Review email from Peter Mastan re alleged noncooperation of Danny Bibi, forward same to my client | 0.10 525.00/hr | 52.50 |
| 10/5/2018 | MJB | Review email exchange between Danny Bibi and Frank Gillman re mainstream domain name issues | 0.10 525.00/hr | 52.50 |
| | MJB | Review email from client re all domain access issues have been resolved | 0.10 525.00/hr | 52.50 |
| 10/10/2018 | MJB | Review and reply to email from Peter Mastan re settlement, copy to client re same | 0.10 525.00/hr | 52.50 |
| | MJB | Prepare email to client re response to the trustee's settlement demand | 0.10 525.00/hr | 52.50 |
| 10/15/2018 | MJB | Review follow up email from Peter Mastan re settlement, meet in person with Peter Mastan re same (while at an educational function) | 0.10 525.00/hr | NO CHARGE |
| 10/16/2018 | MJB | Review reply email from client re settlement, telephone call attempted to client re same | 0.10 525.00/hr | 52.50 |
| 10/17/2018 | MJB | Telephone call attempted to Danny Bibi re Peter Mastan settlement offer, leave message to call back | 0.10 525.00/hr | 52.50 |
| | MJB | Review email from Emily Caron regarding additional information needed to determine insurance coverage, review the attached prior email, forward same to client, analysis re same | 0.10 525.00/hr | 52.50 |

EXHIBIT 1
30
EXHIBIT 1
33

Mainstream Advertising Involuntary Ch 7                                                    Page    2

| Date | | Description | Hrs/Rate | Amount |
|------|---|-------------|----------|--------|
| 10/19/2018 | MJB | Exchange texts with client re settlement, follow up with email re same | 0 10 525 00/hr | 52.50 |
| 10/24/2018 | MJB | Telephone call attempted, text client as well re settlement | 0 10 525 00/hr | 52.50 |
| | MJB | Telephone conference with client re his cooperation with the Trustee's counsel and the Trustee's agent, his response to their settlement offer | 0 20 525 00/hr | 105.00 |
| 11/13/2018 | MJB | Review email from Marisol Jaramillo re the continued meeting of creditors, forward same to Danny Bibi | 0 10 525 00/hr | 52.50 |
| 11/14/2018 | MJB | Telephone call attempted to client to confirm his attendance at the continued meeting of creditors set for Friday, follow up with text re same ; Exchange follow up texts with client re same | 0 10 525 00/hr | 52.50 |
| 11/15/2018 | MJB | Prepare email to Marisol Jaramillo re client's unavailability for continued meeting of creditors set for tomorrow, suggest alternate dates | 0 10 525 00/hr | 52.50 |
| 11/16/2018 | MJB | Review and reply to email from David Golubchik re proposed 2004 exam with document production, copy client re same | 0 20 525 00/hr | 105.00 |
| 11/19/2018 | MJB | Review and reply to email from David Golubchik re meet and confer for the proposed Rule 2004 exam | 0 10 525.00/hr | 52.50 |
| 11/20/2018 | MJB | Telephone call to David Golubchik to meet and confer re the 2004 exam with document production (.1); prepare email to client re same (.1) | 0 20 525 00/hr | 105.00 |
| | MJB | Review email from Emily Caron of One Beacon re denial of insurance coverage | 0 10 525 00/hr | 52.50 |
| 11/27/2018 | MJB | Review and reply to email from Marisol Jaramillo re continued meeting of creditors date to be set by the Trustee | 0 10 525 00/hr | 52.50 |
| 11/29/2018 | MJB | Review and calendar Notice of Continued Meeting of Creditors, email client re same | 0 10 525 00/hr | 52.50 |
| 12/2/2018 | MJB | Review Motion for Examination, prepare email to client re same | 0 20 525 00/hr | 105.00 |
| 12/5/2018 | MJB | Review Order Authorizing the 2004 Exam of Danny Bibi, calendar dates set forth therein, review the document request ( 2), Prepare email to client re same ( 1), Review and reply to email from client re his 2004 exam (.1) | 0 40 525 00/hr | 210.00 |
| 12/7/2018 | MJB | Review and reply to email from client re preparing a settlement offer (.1); Review copy of Danny Bibi's email to Peter Mastan re settlement (.1) | 0 20 525 00/hr | 105.00 |

EXHIBIT 1
31
EXHIBIT 1
34

Mainstream Advertising Involuntary Ch 7                                    Page    3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/10/2018 | MJB | Review and reply to email from Marisol Jaramillo to confirm appearance by my client and I at the continued meeting of creditors, text client re same | 0.10 525.00/hr | 52.50 |
| | MJB | Review copy of follow up email from client to Peter Mastan re settlement, exchange texts with client re same and re the continued meeting of creditors | 0.10 525.00/hr | 52.50 |
| 12/11/2018 | MJB | Text client re the continued meeting of creditors tomorrow | 0.10 525.00/hr | 52.50 |
| | MJB | Review email from Peter Mastan re settlement, forward same to client | 0.10 525.00/hr | 52.50 |
| 12/12/2018 | MJB | Go to 915 Wilshire Blvd for continued meeting of creditors, meet with Amy Goldman and Peter Mastan before and after Danny Bibi arrived, discuss possible settlement, return to the office | 3.90 525.00/hr | 2,047.50 |
| | MJB | Calendar new continued meeting of creditors date, review email exchange between Samuel B and the client re document production in connection with the Rule 2004 exam (.1), prepare email to Peter Mastan and Amy Goldman authorizing them to discuss settlement directly with my client | 0.10 525.00/hr | 52.50 |
| | SB | E-mail to Danny regarding the Trustee's document request from the 2004 Examination. | 0.10 275.00/hr | 27.50 |

| | | | |
|---|---|---|---|
| For professional services rendered | | 7.80 | $4,017.50 |

Additional Charges :

| | | |
|---|---|---|
| 12/12/2018 | Travel to and from continued meeting of creditors | 9.90 |
| | parking for continued meeting of creditors | 32.50 |
| | Total additional charges | $42.40 |
| | Total amount of this bill | $4,059.90 |
| | Previous balance | $9,000.00 |

Accounts receivable transactions

| | | |
|---|---|---|
| 12/12/2018 | Payment - Thank You | ($4,000.00) |
| | Total payments and adjustments | ($4,000.00) |

EXHIBIT 1
32
EXHIBIT 1
35

Mainstream Advertising Involuntary Ch 7                                    Page    4

                                                                              Amount

                        Balance due                                        $9,059 90

EXHIBIT 1
33
EXHIBIT 1
36

Law Offices of Michael Jay Berger
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929

Invoice submitted to:
Mainstream Advertising Involuntary Ch 7
6320 Canoga Avenue Suite 200
Woodland Hills. CA 91367

March 4, 2019

Invoice #597

Professional Services

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 12/14/2018 MJB | Review and reply to email from Samuel B re proposed extension of time for Danny to produce documents ( 1). Review email exchange between Danny Bibi and Peter Mastan re same ( 1) | 0 20<br>525 00/hr | 105 00 |
| MJB | Review email exchange between Peter Mastan and Danny Bibi re Danny's request for more time to respond to the document request in connection with his Rule 2004 exam | 0.10<br>525.00/hr | 52.50 |
| 12/17/2018 MJB | Exchange texts with Danny Bibi re his request for more time to produce documents in connection with his 2004 exam and re possible settlement (.1);Review email from Danny re same (.1) Review copy of an email from Danny Bibi to Peter Mastan re settlement, review email exchange between Peter Mastan and Danny Bibi re possible settlement ( 1); Review and reply to email from Samuel B re same ( 1): Prepare email to David Golubchik. Peter Mastan and Amy Goldman re request for extension of time to produce documents ( 1) | 0.50<br>525.00/hr | 262 50 |
| MJB | Telephone call attempted, leave detailed message for client re his request for an extension of time to produce documents in connection with his Rule 2004 exam, the affect it will have on his Rule 2004 exam (.1); Review and reply to reply email from David Golubchik asking what documents Danny can provide by December 21 (.1) | 0 20<br>525.00/hr | 105 00 |
| MJB | Review copy of email from Peter Mastan to Danny Bibi re settlement | 0.10<br>525.00/hr | 52.50 |
| MJB | Review and approve draft Motion to Withdraw as Counsel | 0.10<br>525.00/hr | NO CHARGE |

EXHIBIT 1
34
EXHIBIT 1
37

Mainstream Advertising Involuntary Ch 7                                          Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/17/2018 | SB | Revise Motion to Withdraw as Debtor's Bankruptcy Counsel and Notice of Hearing of said motion. | 0.30 275.00/hr | NO CHARGE |
| 12/18/2018 | MJB | Review email exchange between Peter Mastan and Danny Bibi re settlement including 3 emails from Danny re proposed settlement agreement terms and one from Peter Mastan re same | 0.20 525.00/hr | 105.00 |
| 12/19/2018 | MJB | Review and reply to email from Peter Mastan re continued date for the meeting of creditors, settlement discussions (.2); Review reply email from Peter Mastan re the meeting going forward on Friday with or without me (.1) | 0.30 525.00/hr | 157.50 |
| | MJB | Review email exchange between Danny B and Peter Mastan re settlement | 0.10 525.00/hr | 52.50 |
| 12/20/2018 | MJB | Review copy of mail from Marisol Jaramillo to Danny Bibi confirming his continued meeting of creditors for tomorrow | 0.10 525.00/hr | 52.50 |
| | MJB | Exchange texts with Danny Bibi re his continued meeting of creditors (.1) Telephone conference with client re same, re the motion to withdraw, and re strategy going forward (.3) | 0.40 525.00/hr | 210.00 |
| | MJB | Review and reply to follow up email from David Golubchik re what documents Danny can provide by December 21 (.1); Exchange texts with Danny Bibi re same (.1) Review another follow up email from David Golubchik threatening a motion to compel and for sanctions (.1) | 0.30 525.00/hr | 157.50 |
| 12/21/2018 | MJB | Review email from Emily Caron re she is closing her file on the OneBeacon insurance coverage matter | 0.10 525.00/hr | 52.50 |
| 12/28/2018 | MJB | Review and reply to email from Jeffrey Kwong re our meet and confer scheduled for later today regarding production of documents (.1). Exchange texts with client re same (.1); Telephone conference with client re same (.1); Telephone conference meet and confer with Jeffrey Kwong (.2); Review email from Danny Bibi re start of his document production and review the attached Articles of Incorporation of adcom interactive media Inc. (.1) | 0.60 525.00/hr | 315.00 |
| | MJB | Analysis re reply to limited opposition to Motion to Withdraw as Counsel, outline reply | 0.30 525.00/hr | NO CHARGE |
| | SB | Meeting with Michael Berger to discuss his Reply to the Limited Opposition to his Motion to Withdraw as Counsel | 0.10 275.00/hr | NO CHARGE |
| 12/30/2018 | SB | Draft Michael Berger's declaration in response to the Trustee's Limited Opposition to his Motion to Withdraw as Debtor's Counsel | 0.50 275.00/hr | NO CHARGE |
| 12/31/2018 | MJB | Review and approve draft Declaration of MJB in Response to Limited Opposition by the Ch 7 Trustee to MJB's Motion to Withdraw | 0.10 525.00/hr | NO CHARGE |

EXHIBIT 1
35
EXHIBIT 1
38

Mainstream Advertising Involuntary Ch 7                                                         Page    3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/31/2018 | MJB | Review and reply to email from client re my motion to withdraw | 0 10 525.00/hr | NO CHARGE |
| 1/2/2019 | MJB | Review email from client re Adcom Articles of Incorporation, review the attached Articles of Incorporation | 0 10 525.00/hr | 52.50 |
| | MJB | Review and reply to email from Jeffrey Kwong re document production (.1); Review and complete the proposed Stipulation of the Parties re Discovery Dispute (.3) | 0 40 525.00/hr | 210.00 |
| | MJB | Review and reply to email from counsel re my Motion to Withdraw, the Rule 2004 exam, and our differences in strategy | 0 10 525.00/hr | NO CHARGE |
| 1/4/2019 | MJB | Telephone call attempted to David Golubchik re conflict between his 2004 exam of Danny Bibi, my Motion to Withdraw as Counsel for Mainstream, what to do re same, leave message re same; Telephone conference with Jeffrey Kwong re same (.1); Prepare follow up email to Golubchik and Kwong re same (.1) | 0 20 525.00/hr | NO CHARGE |
| 1/7/2019 | MJB | Review email from David Golubchik re 2004 exam date, prepare email to client re same | 0 10 525.00/hr | 52.50 |
| 1/10/2019 | MJB | Go to Court for hearing on Motion to Withdraw, appear in Court re same, motion granted, while still in Court text Samuel B preparation of the Court Order, return to the office | 2 00 525.00/hr | NO CHARGE |
| | | For professional services rendered | 7 60 | $1,995 00 |

Additional Charges :

| | | Amount |
|---|---|---|
| 12/18/2018 | 9 pages for 40 mailings Motion to withdraw as debtor's bankruptcy counsel Notice of hearing on motion to withdraw as debtor's bankruptcy counsel | 36.00 |
| | Judge's copy sent  ups Motion to withdraw as debtor's bankruptcy counsel Notice of hearing on motion to withdraw as debtor's bankruptcy counsel | 8 16 |
| | 20 mailings at .47 each Motion to withdraw as debtor's bankruptcy counsel Notice of hearing on motion to withdraw as debtor's bankruptcy counsel | 9 40 |
| | 20 mailings at 1.10 each Motion to withdraw as debtor's bankruptcy counsel Notice of hearing on motion to withdraw as debtor's bankruptcy counsel | 22 00 |
| 12/31/2018 | Judge's copy sent ups Declaration of MJB in response to the limited opposition by the chapter 7 trustee | 8 42 |

EXHIBIT 1
36
EXHIBIT 1
39

Mainstream Advertising Involuntary Ch 7                                         Page    4

|  | Amount |
|---|---|
| 1/10/2019 Mileage to and from court for hearing on Motion to Withdraw | 22.00 |
| Judge's copy sent ups | 8.42 |
| Order granting the motion to withdraw as debtor's bankruptcy counsel | |
| Total additional charges | $114.40 |
| Total amount of this bill | $2,109.40 |
| Previous balance | $9,059.90 |
| Balance due | $11,169.30 |

EXHIBIT 1
37
EXHIBIT 1
40

# EXHIBIT 2

EXHIBIT 1
41

## Jack Reitman

| | |
|---|---|
| **From:** | Mastan, Peter <Peter.Mastan@DINSMORE.COM> |
| **Sent:** | Tuesday, February 25, 2020 6:33 AM |
| **To:** | 'Bob Bass'; Michael Berger |
| **Cc:** | Goldman, Amy; kmarch@bkylawfirm.com; Mastan, Peter |
| **Subject:** | RE: Mainstream |

Mr. Bass:

1) I have not seen the email from Ms. March that you referenced below.  I don't know to whom it was sent.  If it was directed to the Trustee, it should be sent to me.

2) Please send me a copy of the complaint filed by Mr. Berger to which you refer below.

3) Your email below suggests that Mr. Berger represented entities related to the Debtor in addition to the Debtor itself.  Please confirm what related entities Mr. Berger represented and during what time periods so that I may tailor the Trustee's turnover demand, if appropriate to do so.  However, to the extent that Mr. Berger represented only the Debtor, any documents in his file constitute the Debtor's client file.  The client file is the property of the Debtor – not the lawyer - and must be turned over by no later than March 5, 2020 as specified in my prior demand.  If Mr. Berger fails to timely comply with the Trustee's demand, the Trustee will assert her legal and equitable remedies against Mr. Berger, all of which are hereby reserved.

**From:** Bob Bass <bob.bass@admedia.com>
**Sent:** Monday, February 24, 2020 4:44 PM
**To:** Michael Berger <Michael.Berger@bankruptcypower.com>
**Cc:** Mastan, Peter <Peter.Mastan@DINSMORE.COM>; Goldman, Amy <Amy.Goldman@lewisbrisbois.com>; kmarch@bkylawfirm.com
**Subject:** Re: Mainstream

Gentlemen.  I have been copied on this email chain however Ms. March did not feel it appropriate to copy me on her recent email.  I would appreciate it if she would do so from now on.  .I have not appeared on behalf of any party in the bankruptcy proceeding but  I will represent the defendants in a State Court action brought by Mr. Berger for unpaid legal fees incurred on behalf of the Debtor in the involuntary case.  He has named. the Debtor, 2 corporate entities and Mr. Bibi as Defendants and is  seeking approximately $11,000 on top of the approximately $50,000 he already received.  I am not in a position to render an opinion regarding  the privilege however I would expect Mr. Berger to take whatever steps he deems appropriate to protect the privilege since the requested documents are in his possession.  I might also say while Mr. Berger only had a retention agreement with the Debtor he may have in his possession documents that relate to non-debtor entities and he has no authority to turn those documents over to anyone.  I do agree with Mr. Berger that the Trustee should seek an appropriate order from the Court so all parties can respond accordingly. Thank you, Bob Bass

On Mon, Feb 24, 2020 at 3:07 PM Michael Berger <Michael.Berger@bankruptcypower.com> wrote:

## Dear Peter and Amy:

**I understand the legal argument that the Trustee holds the privilege for the company.  Still, I think that Danny Bibi and 2 lawyers that Mainstream is currently using, Kathleen March and Robert Bass, should be aware of this request and have a chance to object.  Therefore, I am copying them all on this email. Bob and Kathleen,  please let me know if you intend to object to The Trustee's request for these communications.  If there is an objection by Danny Bibi or counsel for Mainstream, I think that you should get a Court Order to resolve this matter.**

**I think that it would be best if you issue a subpoena, pay the appropriate witness fee and, if necessary, get a Court Order.**

**Meanwhile, I will preserve all communication between myself and the debtor so that it will be available if production is ordered by the Court.**

**Sincerely,**

**Michael Berger**

**Michael Jay Berger**
**Certified Bankruptcy Law Specialist**
**The State Bar of California Board of Legal Specialization**
**Law Offices of Michael Jay Berger**
**9454 Wilshire Blvd. 6th Floor**
**Beverly Hills, CA 90212-2929**
**Telephone (310) 271-6223**
**Fax (310) 271-9805**
**Website www.bankruptcypower.com**

---

**From:** Mastan, Peter <Peter.Mastan@DINSMORE.COM>
**Sent:** Monday, February 24, 2020 9:52 AM
**To:** Michael Berger <Michael.Berger@bankruptcypower.com>
**Cc:** 'Goldman, Amy' <Amy.Goldman@lewisbrisbois.com>; Mastan, Peter
<Peter.Mastan@DINSMORE.COM>
**Subject:** Mainstream

Michael:

As you know, I represent Amy Goldman in her capacity as the Chapter 7 trustee of Mainstream Advertising, Inc.  You previously represented the Debtor.  The Trustee hereby makes demand for the turnover of the Debtor's entire original legal file concerning your representation of the Debtor.   This includes all of communications by your office, including without limitation emails and text messages, related to your office's representation of the Debtor.  These communications should include your office's communications with Danny Bibi, his mother, his father, and any other employee or representative of the Debtor.  Please make this turnover by no later than the close of business on March 5, 2020.


Thank you.



**Peter J. Mastan**
Office Managing Partner


Dinsmore & Shohl LLP  •  Legal Counsel
550 S. Hope Street
Suite 1765
Los Angeles, CA 90071
**T** (213) 335-7738  •  **F** (213) 335-7740
**E** Peter.Mastan@DINSMORE.COM  •  dinsmore.com

---

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.


--

**Robert D. Bass**,
**Esq.** | General
Counsel

Case 1:20-ap-01028-MT    Doc 1    Filed 03/06/20    Entered 03/06/20 11:24:48    Desc
Main Document      Page 43 of 48

**Ad**Media.

(800) 296-7104 x223

[ Facebook | Twitter | LinkedIn | Blog ]

6320 Canoga Avenue,
Suite 200
Woodland Hills,
California 91367

4

EXHIBIT 2
41
EXHIBIT 1
45

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Amy L. Goldman, Chapter 7 Trustee for Mainstream Adversting, Inc. | Michael Berger |

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Landau Law LLP<br>1880 Century Park East, Suite 1101<br>Los Angeles, CA 90067 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Turnover of Property of the Estate, 11 U.S.C. 542; Avoid and Recover Postpetition Transfers of Property, 11 U.S.C. 549, 550; Breach of Fiduciary Duty.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [1] 11-Recovery of money/property – §542 turnover of property
- [ ] 12-Recovery of money/property – §547 preference
- [ ] 13-Recovery of money/property – §548 fraudulent transfer
- [2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- [3] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $45,261.64 |

| Other Relief Sought |
|---|
| |

EXHIBIT 1
46

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Mainstream Advertising, Inc. | BANKRUPTCY CASE NO.<br>1:17-bk-12980-MT | |
| DISTRICT IN WHICH CASE IS PENDING<br>  Central District | DIVISION OFFICE<br>San Fernando Valley | NAME OF JUDGE<br>M. Tighe |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>    /s/ John P. Reitman | | |
| DATE<br><br>    March 6, 2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>    John P. Reitman | |

## INSTRUCTIONS

        The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

        A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

        The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

EXHIBIT 1
47

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JOHN P. REITMAN (State Bar No. 80579) jreitman@landaufirm.com MONICA RIEDER (State Bar No. 263250) mrieder@landaufirm.com JACK A. REITMAN (State Bar No. 283746) jareitman@landaufirm.com LANDAU LAW LLP 1880 Century Park East, Suite 1101 Los Angeles, California 90067 Telephone: (310) 557-0050 Facsimile: (310) 557-0056 *Attorney for Plaintiff Amy L. Goldman, Ch 7 Trustee* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re: MAINSTREAM ADVERTISING, INC., a California Corporation, Debtor(s). | CASE NO.: 1:17-bk-12980-MT CHAPTER: 7 ADVERSARY NO.: |
|---|---|
| AMY L. GOLDMAN, CHAPTER 7 TRUSTEE FOR MAINSTREAM ADVERTISING, INC., Plaintiff(s) Versus MICHAEL BERGER, an individual; and DOES 1-10, Inclusive, Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____ Time: _____ Courtroom: _____ | **Address:** ☐ 255 East Temple Street, Los Angeles, CA 90012 ☐ 3420 Twelfth Street, Riverside, CA 92501 ☐ 411 West Fourth Street, Santa Ana, CA 92701 ☐ 1415 State Street, Santa Barbara, CA 93101 ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                        **KATHLEEN J. CAMPBELL**
                                        **CLERK OF COURT**


Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____


                            By: _____
                                        Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:


A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


_____  _____  _____
Date                                          Printed Name                                          Signature


---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

EXHIBIT 2

JUDGE MAUREEN TIGHE'S
STATUS CONFERENCE INSTRUCTIONS

1.      A copy of these instructions <u>must</u> be attached to the copy of the complaint served upon each party, and the <u>proof of service must state that these instructions, as well as a copy of the summons and complaint, was served.</u>

2.      Plaintiff must serve, with the summons and complaint, a notice in compliance with <u>Local Bankruptcy Rule 7026-1(a)(1)</u>. Plaintiff must also file proof of service of the notice with proof of service of the summons and complaint as required by <u>Local Bankruptcy Rule 7026-1(a)(2)</u>.

**3.      Counsel for the parties MUST TIMELY MEET TO DISCUSS SETTLEMENT AND TO EXCHANGE DOCUMENTS, OTHER EVIDENCE AND LISTS OF WITNESSES AND PRELIMINARY DISCOVERY SCHEDULES AS PROVIDED IN FED. R. BANKR. P. 7026.**

4.      Pursuant to <u>Local Bankruptcy Rule 7016-1(a)(2)</u>, all parties <u>must</u> file a Joint Status Report at least fourteen (14) days before the date set for each status conference. The Joint Status Report should be in a form substantially similar to Exhibit A attached hereto, *i.e.*, Local Form 7016-1.1. Failure to file such a Joint Status Report may result in the imposition of monetary sanctions and/or the status conference being continued and parties being ordered to redo the status report to conform to Exhibit A.  If cooperation in the filing of a Joint Status Report cannot reasonably be obtained, each appearing party must file a Unilateral Status Report and Declaration which comply with <u>Local Bankruptcy Rule 7016-1(a)(3)</u>.

5.      If a response to the complaint is not timely filed:

        A.  The plaintiff should file a request for entry of default by the clerk. The plaintiff also should request entry of a default judgment by filing and serving (if necessary) an appropriate motion; see <u>Fed. R. Bankr. P. 7055</u> and <u>Local Bankruptcy Rule 7055-1(b)</u>;

<u>AND</u>

        B.  No later than seven (7) days prior to the status conference, each appearing party <u>must</u> file a Status Report as required by <u>Local Bankruptcy Rule 7016-1(a)</u>.

6.      If the parties dispute whether the adversary proceeding is "core" within the meaning of 28 U.S.C. § 157(b), they must file points and authorities in support of their positions. Any party who contends that the proceeding is "non-core" must file and serve a memorandum of points and authorities and evidence in support of his/her/its position no less than fourteen (14) days before the status conference. Any response must be filed at least seven (7) days before the status conference. **If a party does not timely file and serve his/her/its papers, that failure may be deemed a consent to whatever determination the Court makes.**

7.      Any party claiming a right to trial by jury must make a timely demand as set forth in <u>Local Bankruptcy Rule 9015-2</u>. If the parties dispute whether a party has a right to a jury trial, they must file points and authorities in support of their positions. Any party who contends that he/she/it has a right to a jury trial must file and serve a memorandum of points and authorities and

EXHIBIT 2
51

evidence in support of his/her/its position no less than fourteen (14) days before the status conference. Any response must be filed at least seven (7) days before the status conference. **If a party does not timely file and serve his/her/its papers, that failure may be deemed a consent to whatever determination the Court makes.**

8.  **Counsel for each party and any party who does not have counsel <u>must</u> appear <u>in person</u> at the <u>first</u> status conference, <u>unless</u> JUDGE TIGHE has authorized appearance by telephone for the adversary proceeding at issue.** With respect to <u>subsequent</u> status conferences, counsel for each party and any party who does not have counsel may appear by telephone if they make timely arrangements to do so in accordance with Judge Tighe's telephonic appearance procedures, which can be accessed by clicking "Information" on the upper left-hand corner of the Court's website at www.cacb.uscourts.gov. If a party has questions about these procedures or cannot locate them on the Court's website, the party may contact Judge Tighe's Courtroom Deputy, Emma Gonzalez, at (818) 587-2832.  **The counsel who is handling the case must appear, not appearance counsel**.  Any attorney appearing at a subsequent status conference or pretrial hearing must know the entire history of the case.

9.  Unless otherwise ordered by the Court, within seven (7) court days after the status conference, the plaintiff must submit a Scheduling Order which complies with <u>Local Bankruptcy Rule 7016-1(a)(4)</u>.

10.  Extensions of time to respond to a pleading are ineffective by stipulation of the parties unless approved by the Court. The Court is likely to deny requests to extend the response deadline to a date within five (5) days of the hearing date unless the hearing date is continued to a date which permits the Court adequate time to consider the pleadings. The Court will not grant a request to continue a hearing unless the request states adequate cause for the continuance.

11.  Failure to comply with these instructions may subject the responsible party to a sanction of $150, or such other sanctions as may be warranted under the circumstances or allowed under <u>Local Bankruptcy Rule 7016-1(f)</u>.

12.  Failure of counsel for any party to appear at a status conference may be considered an abandonment or failure to prosecute or defend diligently and may result in dismissal of the proceeding or judgment entered against the defaulting party without further hearing, or such other sanctions as may be warranted under the circumstances or allowed under <u>Local Bankruptcy Rule 7016-1(g)</u>.

Hon. Maureen Tighe
United States Bankruptcy Judge

(Revised 11/12/19)

EXHIBIT 2
52

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| John P. Reitman<br>Landau Law LLP<br>1880 Century Park East Ste 1101<br>Los Angeles, CA 90067<br><br>310–557–0050<br><br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY**

| In re:<br><br><br>Mainstream Advertising, a California Corporation<br><br><br><br>Debtor(s). | CASE NO.:  1:17–bk–12980–MT<br><br>CHAPTER:  7<br><br><br>ADVERSARY NUMBER: 1:20–ap–01028–MT |
|---|---|
| Amy L. Goldman<br><br><br>Plaintiff(s)<br>Versus<br><br>Michael Berger<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **04/06/2020.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| Date: | **May 6, 2020** |
| Time: | **11:00 AM** |
| Hearing Judge: | **Maureen Tighe** |
| Location: | **21041 Burbank Blvd, Crtrm 302, Woodland Hills, CA 91367** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 1                    **F 7004–1.SUMMONS.ADV.PROC**

EXHIBIT 2
53

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>March 6, 2020</u>

By: <u>    "s/" Liliana Fisher    </u>

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                              Page 2                              **F 7004–1.SUMMONS.ADV.PROC**

EXHIBIT 2
54

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____  _____  _____
*Date*           *Printed Name*               *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    **F 7004–1.SUMMONS.ADV.PROC**

EXHIBIT 2
55

EXHIBIT 3

1  JOHN P. REITMAN (State Bar No. 80579)
   jreitman@landaufirm.com
2  MONICA RIEDER (State Bar No. 263250)
   mrieder@landaufirm.com
3  JACK A. REITMAN (State Bar No. 283746)
   jareitman@landaufirm.com
4  LANDAU LAW LLP
   1880 Century Park East, Suite 1101
5  Los Angeles, California 90067
   Telephone: (310) 557-0050
6  Facsimile: (310) 557-0056

7  Proposed Special Litigation Attorneys
   for Amy L. Goldman, Chapter 7 Trustee
8

9              **UNITED STATES BANKRUPTCY COURT**

10  **CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

11
    In re                                    Case No. 1:17-bk-12980-MT
12
    MAINSTREAM ADVERTISING, INC., a          Chapter 7
13  California Corporation,
                                             Adv. No. 1:20-ap-01028-MT
14              Debtor
                                             **PLAINTIFF'S NOTICE OF REQUIRED**
15  _____ **COMPLIANCE WITH FRBP 7026 AND**
                                             **LBR 7026-1**
16
    AMY L. GOLDMAN, CHAPTER 7                 **Status Conference Date and Time:**
17  TRUSTEE FOR MAINSTREAM                    Date:   May 6, 2020
    ADVERTISING, INC.,                        Time:   11:00 a.m.
18                                            Place:  Courtroom 302
                       Plaintiff,                     21041 Burbank Blvd.
19                                                    Woodland Hills, CA 91367
         v.
20
    MICHAEL BERGER, an individual; and
21  DOES 1-10, Inclusive,

22
                       Defendants
23

24  _____

25

26

27

28

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

EXHIBIT 3
56

1

**TO ALL DEFENDANTS:**

2      **PLEASE TAKE NOTICE** that Amy L. Goldman, Chapter 7 Trustee for Mainstream

3    Advertising, Inc., and the plaintiff in the above-captioned adversary proceeding hereby gives

4    notice that compliance with the requirements under Rule 7026 of the Federal Rules of Bankruptcy

5    Procedure as well as Local Bankruptcy Rule ("LBR") 7026-1 is required.  A copy of LBR 7026-1

6    is attached hereto as Exhibit "A."

7

8    Dated:  March 9, 2020                        LANDAU LAW LLP

9

10                                               /s/ John P. Reitman
                                                 JOHN P. REITMAN
11                                               Proposed Special Litigation Counsel for Amy L.
                                                 Goldman, Chapter 7 Trustee for Mainstream
12                                               Advertising

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

EXHIBIT 3
57

# EXHIBIT A

EXHIBIT 3
58

(2)   <u>Other Parties</u>.   Any party other than plaintiff who has not received plaintiff's proposed pretrial stipulation within the time limits set forth in subsection (c) of this rule must prepare, file, and serve at least 14 days prior to the trial or pretrial conference, if one is ordered, a declaration attesting to plaintiff's failure to prepare and serve a proposed pretrial stipulation in a timely manner.

**(f)**   **<u>Sanctions for Failure to Comply with Rule</u>.**   In addition to the sanctions authorized by F.R.Civ.P. 16(f), if a status conference statement or a joint proposed pretrial stipulation is not filed or lodged within the times set forth in subsections (a), (b), or (e), respectively, of this rule, the court may order one or more of the following:

(1)   A continuance of the trial date, if no prejudice is involved to the party who is not at fault;

(2)   Entry of a pretrial order based conforming party's proposed description of the facts and law;

(3)   An award of monetary sanctions including attorneys' fees against the party at fault and/or counsel, payable to the party not at fault; and/or

(4)   An award of non-monetary sanctions against the party at fault including entry of judgment of dismissal or the entry of an order striking the answer and entering a default.

**(g)**   **<u>Failure to Appear at Hearing or Prepare for Trial</u>.**   The failure of a party's counsel (or the party, if not represented by counsel) to appear before the court at the status conference or pretrial conference, or to complete the necessary preparations therefor, or to appear at or to be prepared for trial may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against the defaulting party either with respect to a specific issue or as to the entire proceeding, or the proceeding may be dismissed.

## LBR 7026-1.  <u>DISCOVERY</u>

**(a)**   **<u>General</u>.**   Compliance with FRBP 7026 and this rule is required in all adversary proceedings.

(1)   <u>Notice</u>.   The plaintiff must serve with the summons and complaint a notice that compliance with FRBP 7026 and this rule is required.

(2)   <u>Proof of Service</u>.   The plaintiff must file a proof of service of this notice together with the proof of service of the summons and complaint.

**(b)**   **<u>Discovery Conference and Disclosures</u>.**

(1)   <u>Conference of Parties</u>.   Unless all defendants default, the parties must conduct the meeting and exchange the information required by FRBP 7026 within the time limits set forth therein.   Unless otherwise ordered, the initial status conference

EXHIBIT A
2
EXHIBIT 3
59

LBR 7026-1

constitutes the "scheduling conference" referred to in FRCP 26(f)(1)
(incorporated by FRBP 7026).

(2)    Joint Status Report.  Within 7 days after such meeting, the parties must prepare a
joint status report containing the information set forth in LBR 7016-1(a)(2).  The
joint status report will serve as the written report of the meeting required by FRBP
7026.

**(c)    Failure to Make Disclosures or Cooperate in Discovery.**

(1)    General.  Unless excused from complying with this rule by order of the court for
good cause shown, a party must seek to resolve any dispute arising under FRBP
7026-7037 or FRBP 2004 in accordance with this rule.

(2)    Meeting of Parties.  Prior to the filing of any motion relating to discovery, the
parties must meet in person or by telephone in a good faith effort to resolve a
discovery dispute.  It is the responsibility of the moving party to arrange the
conference.  Unless altered by agreement of the parties or by order of the court for
cause shown, the opposing party must meet with the moving party within 7 days
of service upon the opposing party of a letter requesting such meeting and
specifying the terms of the discovery order to be sought.

(3)    Moving Papers.  If the parties are unable to resolve the dispute, the party seeking
discovery must file and serve a notice of motion together with a written
stipulation by the parties.

(A)    The stipulation must be contained in 1 document and must identify,
separately and with particularity, each disputed issue that remains to be
determined at the hearing and the contentions and points and authorities of
each party as to each issue.

(B)    The stipulation must not simply refer the court to the document containing
the discovery request forming the basis of the dispute.  For example, if the
sufficiency of an answer to an interrogatory is in issue, the stipulation must
contain, verbatim, both the interrogatory and the allegedly insufficient
answer, followed by each party's contentions, separately stated.

(C)    In the absence of such stipulation or a declaration of a party of
noncooperation by the opposing party, the court will not consider the
discovery motion.

(4)    Cooperation of Parties; Sanctions.  The failure of any party either to cooperate in
this procedure, to attend the meeting of parties, or to provide the moving party the
information necessary to prepare the stipulation required by this rule within
7 days of the meeting of parties will result in the imposition of sanctions,
including the sanctions authorized by FRBP 7037 and LBR 9011-3.

EXHIBIT A
3
EXHIBIT 3
60

LBR 7026-2

(5)    Contempt.  LBR 9020-1 governing contempt proceedings applies to a discovery
motion to compel a non-party to comply with a deposition subpoena for testimony
and/or documents under FRBP 7030 and 7034.

**LBR 7026-2.  DISCOVERY DOCUMENTS – RETENTION, FILING, AND COPIES**

(a)    **Retention by Propounding Party.**  The following discovery documents and proof of
service thereof must not be filed with the clerk until there is a proceeding in which the
document or proof of service is in issue:

(1)    Transcripts of depositions upon oral examination;
(2)    Transcripts of depositions upon written questions;
(3)    Interrogatories;
(4)    Answers or objections to interrogatories;
(5)    Requests for the production of documents or to inspect tangible things;
(6)    Responses or objections to requests for the production of documents or to inspect
tangible things;
(7)    Requests for admission;
(8)    Responses or objections to requests for admission;
(9)    Notices of Deposition, unless filing is required in order to obtain issuance of a
subpoena in another district; and
(10)   Subpoena or Subpoena Duces Tecum.

(b)    **Period of Retention for Discovery Documents.**  Discovery documents must be held
by the attorney for the propounding party pending use pursuant to this rule for the
period specified in LBR 9070-1(b) for the retention of exhibits, unless otherwise
ordered by the court.

(c)    **Filing of Discovery Documents.**

(1)    When required in a proceeding, only that part of the document that is in issue
must be filed with the court.

(2)    When filed, discovery documents must be submitted with a notice of filing that
identifies the date, time, and place of the hearing or trial in which it is to be
offered.

(3)    Original deposition transcripts are treated as trial exhibits and must be delivered
to the judge for use at the hearing or trial.  The original deposition transcript and a
copy must be lodged with the clerk pursuant to LBR 7030-1(b).

(d)    **Copies of Discovery Documents.**

(1)    Unless an applicable protective order otherwise provides, any entity may obtain a
copy of any discovery document described in subsection (a) of this rule by
making a written request therefor to the clerk and paying duplication costs.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**LANDAU LAW LLP, 1880 Century Park East, Suite 1101, Los Angeles, CA 90067.**

A true and correct copy of the foregoing document entitled (*specify*):
***1. Complaint for Turnover; Avoidance and Recovery of Postpetition Transfers; and Breach of Fiduciary Duty; Exhibits***
***2. Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004-1]; and Judge Maureen Tighe's Status Conference Instructions***
***3. Plaintiff's Notice of Required Compliance with FRBP 7026 and LBR 7026-1***
will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **March 9, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Michael Berger
9454 Wilshire Blvd., 6th Fl.
Beverly Hills, CA 90212

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 9, 2020 | Vanessah Richmond | /s/ Vanessah Richmond |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**LANDAU LAW LLP, 1880 Century Park East, Suite 1101, Los Angeles, CA 90067.**

A true and correct copy of the foregoing document entitled (*specify*): **Summons Service Executed Re Service of:**
**1. Complaint for Turnover; Avoidance and Recovery of Postpetition Transfers; and Breach of Fiduciary Duty; Exhibits**
**2. Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004-1]; and Judge Maureen Tighe's Status Conference Instructions**
**3. Plaintiff's Notice of Required Compliance with FRBP 7026 and LBR 7026-1**
will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 9, 2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below

- **Amy L Goldman (TR)    marisol.jaramillo@lewisbrisbois.com, AGoldman@iq7technology.com**
- **John P. Reitman    jreitman@landaufirm.com,**
  **srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com**
- **United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **March 9, 2020,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Maureen Tighe**  
United States Bankruptcy Court  
Central District of California  
Edward R. Roybal Federal Building and Courthouse  
21041 Burbank Blvd. Suite 324 / Courtroom 302  
Woodland Hills, CA 91367

U.S. Trustee (SV)  
915 Wilshire Blvd.  
Suite 1850  
Los Angeles, CA 90017

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 9, 2020 | Vanessah Richmond | /s/ Vanessah Richmond |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**